UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEVIN DAMION CRICHLOW,

                 Plaintiff,

v.

BRIAN FISCHER et al.,

                 Defendants.

**DECISION AND ORDER**

6:15-CV-06252 EAW

_____

**INTRODUCTION**

Plaintiff Kevin Damion Crichlow ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 in the Southern District of New York on August 16, 2012. (Dkt. 2). Plaintiff filed an amended complaint seeking relief against 136 Defendants (together "Defendants") on June 17, 2013. (Dkt. 12). The action was transferred to this Court by Order of Judge Nelson S. Román of the Southern District on April 28, 2015. (Dkt. 168). Presently before the Court are Plaintiff's (Dkt. 212; Dkt. 219) and Defendants' (Dkt. 193) motions to sever. The parties ask this Court to sever the action and relocate each claim in the district where that claim arose. (*See* Dkt. 193-1 at 2; Dkt. 212 at 1; Dkt. 219 at 4). For the reasons stated below, the motions are granted.

I. **Severance is Appropriate**

The Federal Rules of Civil Procedure allow a court to "sever any claim against any party." Fed. R. Civ. P. 21; *see, e.g., Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968). In making a severance determination, courts look to:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999). Severance is within the discretion of the district court. *See Spencer, White & Prentis Inc. of Conn. v. Pfizer Inc.*, 498 F.2d 358, 361-62 (2d Cir. 1974); *see, e.g., Morris*, 37 F. Supp. 2d at 580.

Here, each of the factors that the Court must consider favors severance. Plaintiff's claims do not all arise from the same transaction or occurrence, nor do they present common questions of fact or law. (*See* Dkt. 12). Of the 275 substantive numbered paragraphs in the amended complaint, "15 relate to claims arising in the Southern District, 57 relate to claims arising in the Western District, and 204 relate to claims arising in the Northern District." (Dkt. 193-1 at 1). Plaintiff's various claims arise from his incarceration at Downstate Correctional Facility ("Downstate") in the Southern District of New York, at Eastern Correctional Facility ("Eastern") and Auburn Correctional Facility ("Auburn") in the Northern District of New York, and at Wende Correctional Facility ("Wende") and Wyoming County Hospital in this District.

Judicial economy will be facilitated by severing the actions. Hearing each claim in the district where the conduct allegedly occurred will facilitate travel for local witnesses with first-hand knowledge of the circumstances. Additionally, there is no

prejudice to any party because the parties consent to severance. Therefore, severance is appropriate, and the motions to sever are granted.

Although the amended complaint is not delineated by cause of action, the claims and corresponding Defendants are separated by paragraphs that relate to the various distinct venue locations noted below. Accordingly, based upon a review of those claims, and as set forth in Defendants' motion papers, Plaintiff's claims are severed as follows:

Southern District of New York

The claims against the following Defendants, primarily referenced in Plaintiff's claims in ¶¶ 8-23 of the amended complaint, arose in the Southern District of New York and are hereby severed and constitute the "Southern District Action":

- Doctor Ellen Youssef
- Superintendent of Downstate John Doe
- John Doe, *Grievance Program Director at Downstate*

Northern District of New York

The claims against the following Defendants, primarily referenced in Plaintiff's claims in ¶¶ 72-283 of the amended complaint, arose in the Northern District of New York and are hereby severed and constitute the "Northern District Action":

- Superintendent of Auburn John Doe
- C.O. Clarke
- John Doe (*see* Dkt. 12 at 3, #74)
- Doctor Gusman
- Grievance Supervisor Terry Houk
- R.N. Denise Falzon
- Nurse II E. Aversano
- Doctor Andola
- John Does, *Those who work the 7 to 3 Tour* (*see id.* at 3, #83)
- Lieutenant Simmion, *Hearing Officer dated 1/17/11*

- Senior Counselor T. Briggs, *Program Comm.*
- C.O. Allson, *1/14/11 and 1/25/11*
- B-3 A Officer S.D.U.
- C.O. Rosa, *S.D.U., 1/26/11 and 1/25/11*
- John Doe, *B-3, 11-7, 1/27/11*
- 4 John Does working 1/11/11 to 2/1/11, 91-95
- William, Senior Counselor, *S.D.U.*
- Counselor Escobar
- C.O. Friedman
- C.O. Jamel, *A.K.A. Jamil*
- Captain Russo, *Security*
- Acting Super R. Wendland
- C.O. J. Brewer
- C.O. M. Conner
- Sergeant Parkhurst
- C.O. S. Navitsky
- Lieutenant Madison
- D.M.D. M. Moore, *Oral Surgery*
- Jennifer Wrest, *RN, Np #296*
- Doctor J. Levitt, *M.D., 126*
- C.O. Kyle
- C.O. Verone
- Dental Assistant Kevin
- Sergeant B. Leifeld
- Nurse Lapenna
- Sergeant Johnson
- C.O. Buster
- Counselor D. Anderson
- C.O. Mack
- Counselor Jordan
- Warden Artus
- Sunshine Environmental Service, Inc.
- Asbestos Construction Group PNC.
- Doctor Jeffrey Arliss, *M.D. jA :Tc./Job I.D. #269432*
- John Does, *S.H.U. OM on or about 11/10/11* (*see id.* at 3, #135)
- Attorney General, Dept. of Law, The Capital, Albany, New York
- C.O. K. Wojcieohowski

Western District of New York

The claims against the following Defendants, primarily referenced in Plaintiff's claims in ¶¶ 24-71 of the amended complaint, arose in the Western District of New York and are hereby severed and constitute the "Western District Action":

- Brian Fischer, DOCS, *in his or her individual capacity and official capacity*
- Superintendent Robert A. Kirkpatrick
- Lieutenant Keenan, *Tier II Hearing*
- Captain Kearney
- Szemplenski, *Senior Counselor and Program Committee Chairperson*
- K. Herrman
- Susan Post, *Deputy Super of Health*
- Skubis, *Transitional Services Dept.*
- Director Karen Bellamy, *Grievance Program*
- Little John Attea, *A.K.A. Iceman*
- C.O. Matthew Mann
- Sergeant Parker
- C.O. Brian Babcock
- C.O. Bartels
- C.O. Daniel Baver
- C.O. Richard Brooks, *S.D.U.*
- C.O. Kevin Barlow
- Alan Herdzik
- T.M.C. Cristopher Zaluski
- C.C. Kathleen Herrmann
- Cook Kelly Malcolm
- Sergeant Paul Olszewski
- C.O. Corey Petties
- C.O. Hojsan
- Deacon Gordon Steinagle, *Catholic Chaplain*
- Sergeant William Scott
- Chief Medical Officer, *D.O.C.S.*
- John Doe, *Wyoming County Community Hospital*
- Jane Doe, *Wyoming County Community Hospital*
- Jane Doe, *Surgeon that performed surgery at Wyoming County Community Hospital*
- George Boucher, *M.D., Electro Diagnostic Consultation*

- P.D. Nurse Practitioner
- C.O. Alicia Humig, *A.K.A. Sue*
- Lena Russi, *Senior Corrections Counselor*
- Dentist II John Young

Each action will be located in the correct corresponding District, as described below.

## II. **Transfer is Appropriate**

"Where certain claims are properly severed, the result is that there are then two or more separate 'actions,' and the district court may, pursuant to [28 U.S.C.] § 1404(a), transfer certain of such separate actions while retaining jurisdiction of others." *Wyndham Assocs.*, 398 F.2d at 618. Section 1404(a) permits transfer with consent of the parties. 28 U.S.C. § 1404(a). "Motions to transfer venue under 28 U.S.C. § 1404(a) 'lie within the broad discretion of the courts and are determined upon notions of convenience and fairness on a case-by-case basis.'" *WD Encore Software, LLC v. The Software MacKiev Co.*, No. 6:15-cv-6566(MAT), 2016 WL 1056628, at *2 (W.D.N.Y. Mar. 17, 2016) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)).

The proper venue in a civil action is

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events . . . giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "For the purposes of venue, state officers 'reside' in the district where they perform their official duties." *Crenshaw v. Syed*, 686 F. Supp. 2d 234, 237 (W.D.N.Y. 2010) (citation omitted).

Here, the parties all consent to transfer. Based upon this consent and a consideration of the factors set forth above, transfer is appropriate. For purposes of venue, each claim arose at the location where the Defendant state official works. *See id.* at 237. Venue is appropriate for the claims arising from Plaintiff's allegations at Downstate to be heard in the Southern District of New York, the claims arising from Plaintiff's allegations at Eastern and Auburn to be heard in the Northern District of New York, and the claims arising from Plaintiff's allegations at Wende and Wyoming County Hospital to be heard by this Court. Therefore, the "Southern District Action" is hereby transferred to the Southern District of New York; the "Northern District Action" is hereby transferred to the Northern District of New York; and the "Western District Action" is hereby retained by this Court.

### III. Pending Motions

The Court notes that a number of other motions are pending before the Court, including a fully briefed motion for summary judgment. (*See* Dkt. 177; Dkt. 182; Dkt. 192; Dkt. 195; Dkt. 198; Dkt. 212[1]). The Court leaves the transferee courts in the Northern and Southern Districts to decide whether to grant each of those motions vis-à-vis those Defendants and claims transferred to them pursuant to this Decision and Order. This Court will issue a separate Decision and Order on the pending motions as they relate to the claims retained by this Court.

---

[1] Plaintiff's motion at Dkt. 212 moves both for severance and for the Court to hold a settlement conference. (*See* Dkt. 212). The Court decides only Plaintiff's motion to sever, and leaves it to its sister courts to decide Plaintiff's motion for a settlement conference as that motion relates to the transferred claims.

The Court also leaves it to the Northern District to decide Plaintiff's motion for a default judgment against Sunshine Environmental Service, Inc. (Dkt. 217), as that motion relates to a Defendant transferred to the Northern District.

## CONCLUSION

For the foregoing reasons, the parties' motions to sever the action (Dkt. 193; Dkt. 212; Dkt. 219) are granted. This action is severed as follows:

The claims against the following Defendants constitute the "Southern District Action":

- Doctor Ellen Youssef
- Superintendent of Downstate John Doe
- John Doe, *Grievance Program Director at Downstate*

The claims against the following Defendants constitute the "Northern District Action":

- Superintendent of Auburn John Doe
- C.O. Clarke
- John Doe (*see* Dkt. 12 at 3, #74)
- Doctor Gusman
- Grievance Supervisor Terry Houk
- R.N. Denise Falzon
- Nurse II E. Aversano
- Doctor Andola
- John Does, *Those who work the 7 to 3 Tour* (*see id.* at 3, #83)
- Lieutenant Simmion, *Hearing Officer dated 1/17/11*
- Senior Counselor T. Briggs, *Program Comm.*
- C.O. Allson, *1/14/11 and 1/25/11*
- B-3 A Officer S.D.U.
- C.O. Rosa, *S.D.U., 1/26/11 and 1/25/11*
- John Doe, *B-3, 11-7, 1/27/11*
- 4 John Does working 1/11/11 to 2/1/11, 91-95
- William, Senior Counselor, *S.D.U.*
- Counselor Escobar

- C.O. Friedman
- C.O. Jamel, *A.K.A. Jamil*
- Captain Russo, *Security*
- Acting Super R. Wendland
- C.O. J. Brewer
- C.O. M. Conner
- Sergeant Parkhurst
- C.O. S. Navitsky
- Lieutenant Madison
- D.M.D. M. Moore, *Oral Surgery*
- Jennifer Wrest, *RN, Np #296*
- Doctor J. Levitt, *M.D., 126*
- C.O. Kyle
- C.O. Verone
- Dental Assistant Kevin
- Sergeant B. Leifeld
- Nurse Lapenna
- Sergeant Johnson
- C.O. Buster
- Counselor D. Anderson
- C.O. Mack
- Counselor Jordan
- Warden Artus
- Sunshine Environmental Service, Inc.
- Asbestos Construction Group PNC.
- Doctor Jeffrey Arliss, *M.D. jA :Tc./Job I.D. #269432*
- John Does, *S.H.U. OM on or about 11/10/11* (*see id.* at 3, #135)
- Attorney General, Dept. of Law, The Capital, Albany, New York
- C.O. K. Wojcieohowski

The claims against the following Defendants constitute the "Western District Action":

- Brian Fischer, DOCS, *in his or her individual capacity and official capacity*
- Superintendent Robert A. Kirkpatrick
- Lieutenant Keenan, *Tier II Hearing*
- Captain Kearney
- Szemplenski, *Senior Counselor and Program Committee Chairperson*
- K. Herrman

- Susan Post, *Deputy Super of Health*
- Skubis, *Transitional Services Dept.*
- Director Karen Bellamy, *Grievance Program*
- Little John Attea, *A.K.A. Iceman*
- C.O. Matthew Mann
- Sergeant Parker
- C.O. Brian Babcock
- C.O. Bartels
- C.O. Daniel Baver
- C.O. Richard Brooks, *S.D.U.*
- C.O. Kevin Barlow
- Alan Herdzik
- T.M.C. Cristopher Zaluski
- C.C. Kathleen Herrmann
- Cook Kelly Malcolm
- Sergeant Paul Olszewski
- C.O. Corey Petties
- C.O. Hojsan
- Deacon Gordon Steinagle, *Catholic Chaplain*
- Sergeant William Scott
- Chief Medical Officer, *D.O.C.S.*
- John Doe, *Wyoming County Community Hospital*
- Jane Doe, *Wyoming County Community Hospital*
- Jane Doe, *Surgeon that performed surgery at Wyoming County Community Hospital*
- George Boucher, *M.D., Electro Diagnostic Consultation*
- P.D. Nurse Practitioner
- C.O. Alicia Humig, *A.K.A. Sue*
- Lena Russi, *Senior Corrections Counselor*
- Dentist II John Young

The Clerk of Court is directed to transfer the severed claims and Defendants as described above to the Southern District of New York and the Northern District of New York consistent with this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 10, 2017
      Rochester, New York